Case 2:23-cv-00240   Document 13   Filed on 11/09/23 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
November 09, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| JAMES SCHORSCH JR, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 2:23-CV-00240 |
| § | |
| PATTY ANDERSON, *et al.*, § | |
| § | |
| Defendants. § | |

## ORDER AFFIRMING DECISIONS ON IFP STATUS

This action was referred to Magistrate Judge Mitchel Neurock to preside over all pretrial proceedings pursuant to 28 U.S.C. § 636(b) with the authority to rule on nondispositive matters. A magistrate judge's nondispositive order is final unless objections are timely filed. Fed. R. Civ. P. 72(a). Objections must be filed within fourteen days. Fed. R. Civ. P. 72(a). Otherwise, any complaint is waived. "A party may not assign as error a defect in the order not timely objected to." Fed. R. Civ. P. 72(a). The district court sets aside only those rulings that are clearly erroneous or contrary to law. *Id*.

Here, the Magistrate Judge granted Plaintiff's application to proceed *in forma pauperis* (IFP) and ordered that the case proceed without prepayment of the full filing fee and further ordered that Plaintiff make an initial partial payment toward the filing fee and comply with the prerequisites for paying the balance of the filing fee over time through his inmate trust account. D.E. 7. Thereafter, Plaintiff filed a second application to proceed

IFP, arguing that the monies held in his trust fund account were essentially a gift from his half-brother, he has no other resources, he has no expectation of future deposits, and he intends to use the funds he has for materials necessary to draft documents and participate in his litigation. The Magistrate Judge denied the application as moot because the only relief to which Plaintiff was entitled had already been granted. D.E. 9. The Magistrate Judge further advised Plaintiff of his right to voluntarily dismiss the case prior to screening if he did not want to pay any filing fee. D.E. 7, 9.

Plaintiff objected to the first order, complaining that he did not get notice of it in time to file his objections within the 14-day period for doing so. D.E. 10. Attached to his objections is proof that he was not notified of the receipt of the Magistrate Judge's first order until October 13, 2023, and was not permitted to claim his mail until October 16, 2023. D.E. 10, p. 4. And his objections (D.E. 10) were filed within 14 days of his receipt of the order (D.E. 7).

The Court **SUSTAINS** Plaintiff's complaint regarding the timeliness of notice of the Magistrate Judge's order and considers his objections on the merits. However, Plaintiff's objections on the merits (D.E. 10, 11) are based on a misunderstanding of the nature of IFP status and the Magistrate Judge's warnings, as discussed below.

First, Plaintiff claims the right to be excused from paying any part of the filing fee for this case; he seeks a "free ride." But IFP status does not provide for the plaintiff to have a free ride. It only relieves the plaintiff of *pre*-paying the filing fee before the action is considered on its merits if he does not have sufficient funds to pay the fee in full at the

time he files the case. *See* 28 U.S.C. § 1915(a), (b). Plaintiffs who are granted IFP status must nevertheless pay the filing fee in full—eventually—if, as, and when monies are available for doing so according to formulae prescribed in the statute. The Magistrate Judge's order follows this prescribed procedure to the letter.

Nothing in the statute provides that a plaintiff is excused from paying any part of the filing fee if he has means for paying some part under the formulae. Plaintiff's assertion, unsupported by authority, that the statute excuses payment of the entire fee—when he has funds in his inmate trust account over the amount of $10.00—is incorrect. Whether any further deductions may be taken from his trust account to cover the balance of the fee will be assessed on a monthly basis under the statutory formulae. But the *post*-filing obligation to pay the fee in full is not waived, forgiven, or excused by the statute. The first objection is **OVERRULED**.

Second, Plaintiff complains that he should not be treated as a "three strikes" plaintiff with prepayment of the filing fee required. D.E. 11. Again, Plaintiff is confusing the prepayment aspect of the law. A three-strikes plaintiff must prepay the entire filing fee in full, absent special circumstances described by the Magistrate Judge. In contrast, Plaintiff is being treated as an ordinary IFP plaintiff, with the orders (D.E. 7, 9) permitting Plaintiff to proceed upon prepaying only that portion of the filing fee for which he has available funds.

Plaintiff's objection is moot because Plaintiff is not being required to prepay the entire fee. The Magistrate Judge's notation of three-strikes status was only part of his

warning to Plaintiff that if he proceeds with this action and it is found to be frivolous or malicious, it will count as a "strike" going forward. Plaintiff is to consider this possibility in connection with his decision whether to proceed with this case or voluntarily dismiss it.

In essence, Plaintiff must decide whether to proceed, knowing (a) that he must prepay a part of the filing fee for this case and will remain liable for the remainder in the event he has funds, and (b) if this case is dismissed as frivolous or malicious, he will not only be liable for this filing fee, but he will be one strike closer to having to prepay the full filing fee for any new cases. The objection is **OVERRULED**.

Having found that the Magistrate Judge's orders are neither clearly erroneous nor contrary to law, the Court **AFFIRMS** the Orders (D.E. 7, 9).

**ORDERED** on November 9, 2023.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE