United States District Court
Southern District of Texas
**ENTERED**
December 15, 2023
Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JAMES SCHORSCH, JR., | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. 2:23-CV-00240 |
| | § | |
| PATTY ANDERSON, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## <u>ORDER TO ANSWER QUESTIONNAIRE</u>

Plaintiff James Schorsch, Jr., appearing *pro se* and *in forma pauperis*, has filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. (Doc. No. 1.) Plaintiff is currently confined at the Texas Department of Criminal Justice's ("TDCJ's") William G. McConnell Unit in Beeville, Texas. He sues Disability Rights Texas ("DRTx") Deputy Director Patty Anderson ("Director Anderson"), DRTx board members, and Texas Governor Greg Abbott ("Governor Abbott") (collectively, "Defendants"). In his complaint, Plaintiff seeks to hold Defendants liable for allegedly discriminating against Plaintiff and conspiring to deny Plaintiff's access to or participation in DRTx services and programs. (Doc. No. 1-1, p. 1.)

Plaintiff's complaint is subject to screening under 28 U.S.C. § 1915A. He has provided insufficient facts to allow the Court to evaluate and screen his claims in a proper fashion. One "useful means by which the court can develop the factual basis for [a] prisoner's complaint" is an order for more definite statement. *Stevens v. Adams*, 56 F.3d 1385 (5th Cir. 1995) (citing *Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976)). Accordingly, in order to allow the Court to properly evaluate the merits of his allegations against Defendants, **Plaintiff is ORDERED to answer the questions below on or before <u>January 15, 2024</u>.**

**A.      *Instructions to Plaintiff***

- Answer the listed questions and directives to the best of your ability, based on personal knowledge and the information available to you.  <u>Legal research is not required or desired</u>.  You must submit your response by neatly writing or typing your answers and identifying your responses by the headings and numbers used in this order.

- Be sure to write neatly.  The Court needs to be able to read your answers.

- Answer each question or directive with detail.  Each answer should be no longer than one paragraph.

- Do not attach documents or other materials to your response, unless specifically directed to do so.  Just answer the questions.

- You must file <u>ONLY ONE</u> response document.  That one document must contain <u>ALL</u> of your answers to the questions set forth below.  Do not file multiple documents.  Multiple responses will be <u>STRICKEN</u> from the record.

- Write the following words at the end of your response: **"I swear under penalty of perjury that these answers are true and correct to the best of my knowledge."**  Then, sign the document and send it to the Court.

- You are cautioned that the Court currently considers your complaint to be deficient.  Your failure to comply with this order will result in the dismissal of this action under Rule 41(b) of the Federal Rules of Civil Procedure.

**B.      *Questions or directives to Plaintiff.***

Plaintiff is **ORDERED** to answer **EACH** of the following questions or directives:

1.  What is your current age, height, and weight?

2.  When were you first taken into custody at the McConnell Unit?

3.  For what criminal charges are you in TDCJ custody?  How long is your sentence of imprisonment?

4.  When is your anticipated release from prison?

5.  In your complaint, you allege that your rights have been violated under the Americans with Disabilities Act ("ADA") and Rehabilitation Act ("RA").  State why you believe you are "disabled," as contemplated by the ADA and RA.  What physical and mental health disabilities do you claim to have?

6. State what limitations your alleged disabilities have caused to you.  What major life activities do your alleged disabilities limit?  Be specific: for each alleged disability, state the major life activities that each alleged disability limits.  Also state specifically how each alleged disability limits each major life activity.

7. State what specific accommodations you have requested from each of the Defendants (Director Anderson, the DRTx Board Members, and Governor Abbott) for each of your alleged disabilities, the dates on which you made each such request, the specific names of the people to whom you made each such request, and how you communicated each such request.  If you submitted any of these requests in writing, attach copies of your request and the response to your response.

8. State why you believe each specific accommodation you requested for each of your alleged disabilities is reasonable.

9. State, precisely, how you have been treated differently from others who do not have such disabilities.  Give specific examples.

10. State the specific reasons why you believe you have been treated differently from others because of your alleged disabilities.

11. In your complaint, you cite to the Protection and Advocacy for Individuals with Mental Illness ("PAIMI") Act, the Developmental Disabilities Assistance and Bill of Rights Act of 2000 ("PADD Act"), and the Protection and Advocacy of Individual Rights ("PAIR") Act, which appear to be collectively known as the "Protection and Advocacy Acts" or "P&A Acts."

    a. Are you claiming that the P&A Acts confer individual rights on you, personally?  If so, state what specific rights you believe the P&A Acts confer on you.  For each of the acts (the PAIMI Act, the PADD Act, and the PAIR Act), state which specific rights you claim each provides to you as an individual.

    b. Are you alleging that Defendants violated your rights under these Acts?

    c. If so, what claims, if any, do you seek to raise under these Acts, either collectively or separately?

    d. Which Defendants do you allege violated your rights under the P&A Acts?

12. In your complaint, you claim that a "written assurance agreement" was filed by Defendants (Director Anderson, DRTx board members, and Governor Abbott).

    a.   What does the written assurance agreement state?

    b.   How does the written assurance agreement relate to the P&A Acts?

    c.   How does the written assurance agreement relate to any alleged violation of your federal rights?

    d.   Are you claiming that the written assurance agreement itself, as written, violates the P&A Acts?  If so, how?

    e.   If you are not claiming that the written assurance agreement violates the P&A Acts, are you claiming that the written assurance agreement was violated by Defendants?  If so, how?

13. You also claim that you are "being conspired and discriminated against by the ["Protection and Advocacy of Individual Rights" Act] (PAIR Act) itself."  What do you mean by that?  How has the PAIR Act itself (the law itself, as written) conspired or discriminated against you?

14. In your complaint, you allege that, from 2018 to the present, you contacted DRTx "numerous times" with requests relating to DRTx's "Protection and Advocacy" ("P&A") services and programs.  State all instances that you contacted DRTx from 2018 to the present.  For each request, answer the following questions and directives and provide specific factual details for each:

    a.   When did you contact DRTx?

    b.   For what reason did you contact DRTx?  If you contacted DRTx about a specific service or program, what was that service or program?  What specifically did you ask DRTx to do?

    c.   What method did you use to contact DRTx?

    d.   What specific message, inquiry, or request did you relay to DRTx?

    e.   Did you speak directly to anyone at DRTx about your request?  If the answer is yes, what is the name of the individual(s) you spoke to?

    f.   Did you receive a response to your inquiry or request?

    g.   If you did receive a response, what response did you receive to your inquiry or request?  Who responded to you?  And what was the end result?

    h.   If you submitted any of these requests in writing, attach copies of your request and the response to your response.

      i.   Are you alleging that DRTx refused your request to take some sort of action on your behalf?  If so, explain fully and provide specific details.  State <u>what specific action</u> you asked DRTx to take on your behalf, <u>when</u> you asked them to take it, and <u>why</u> you wanted DRTx to take that action for you.

15. You allege that DRTx discriminated against you by denying your participation in P&A services and programs provided to individuals with physical or mental disabilities.  State the following:
     a.  When were you discriminated against?
     b.  What specific services and programs were you excluded from?
     c.  How did the alleged denial of access to these programs discriminate against you?

16. What specific P&A services and programs do you believe you are entitled to participate in or have access to?

17. In your complaint, you claim that Defendants Director Anderson, DRTx board members, and Governor Abbott conspired to exclude you from participating in P&A services and programs.
     a.  State your direct evidence of a specific agreement by Defendants to exclude you from participating in P&A services and programs.
     b.  When did Defendants conspire against you?
     c.  What specifically are you claiming that Defendants conspired to do against you?
     d.  What role did each Defendant play in this conspiracy?

18. Are you suing Director Anderson in her individual capacity, official capacity, or both?

19. State the specific actions that Director Anderson, herself personally, specifically did to deny you access to P&A services and programs.

20. Are you suing the DRTx board members in their individual capacities, official capacities, or both?

21. State the specific actions that each of the DRTx board members personally did to deny you access to P&A services and programs.

22. Are you suing Governor Abbott in his individual capacity, official capacity, or both?

23. State the specific actions that Governor Abbott, himself personally, specifically did to deny you access to P&A services and programs.

24. As relief, you state that you seek, among other things, a "permanent injunction ordering Defendants . . . to provide access to . . . their services/programs, pursuant to DRTx and the P&A and RA and ADA."  What specific services and programs do you seek access to?

Again, Plaintiff is **ORDERED** to submit responses to the foregoing questions by

**January 15, 2024**.

Plaintiff must notify the Clerk of the Court of any change in address by filing a written notice of change of address with the Clerk.  Failure to file such notice may also result in the case being dismissed per Federal Rule of Civil Procedure 41(b).

The Clerk is DIRECTED to send a copy of this order to Plaintiff by certified mail, return receipt requested.

ORDERED on December 15, 2023.

MITCHEL NEUROCK
United States Magistrate Judge

6 / 6